UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

V.                                :          CASE NO. 3:12CR105 (RNC)

MICHAEL SMITH, et al.             :

ORDER

Motions to continue jury selection in this 17-defendant drug conspiracy case have been filed by a number of defendants due to the unavailability of their counsel for trial starting September 10, 2013, the date currently set for jury selection. [ECF Nos. 718, 766, 768, 769].[1] Two other defendants appear to need a continuance of the current jury selection date due to one defendant's recent request for new counsel [ECF No. 763] and another defendant's need for a competency hearing. All counsel are reportedly available for a joint trial in approximately 90 days, with one possible exception.[2] The Government supports a continuance to avoid duplicative trials. Only defendant Michael Smith, the lead defendant in this case, seeks to proceed with jury selection as planned on September 10. Having previously obtained a continuance to adequately prepare for trial, he now opposes any further continuance of the trial date, citing his

---

[1] These lawyers have scheduling conflicts involving other significant criminal trials in federal and state court.

[2] Defendant Hudson's lawyer might have a scheduling conflict in December and January. However, counsel report that Mr. Hudson is close to reaching a resolution of the charges against him.

lengthy pretrial detention and his counsel's readiness to proceed at this time.³  The court is sensitive to Mr. Smith's liberty interest, appreciates the diligent efforts made by his counsel to comply with the scheduling order, and understands Mr. Smith's and his counsel's strong preference to proceed without further delay. However, after balancing the ends of justice served by granting a continuance and the best interests of the public and the defendants in a speedy trial, as required by the Speedy Trial Act, I conclude that a final continuance of jury selection should be granted until December 10, 2013, with evidence to begin January 6, 2014.  I also conclude that such a continuance does not violate Mr. Smith's constitutional right to a speedy trial. Accordingly, the motions to continue the trial date will be granted.

    A.   <u>Speedy Trial Act</u>

The Speedy Trial Act generally requires that the trial of a defendant commence within seventy days after the filing of the indictment or the date the defendant first appears in court, whichever is later.  18 U.S.C. § 3161(c)(1).  A continuance may be granted if the court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A). This provision "do[es] not permit unlimited delays, and the trial

---

³ Mr. Smith's counsel opposed the motions for a continuance at a pretrial conference held yesterday, August 28, 2013.

court has the responsibility to ensure that the length of an excludable continuance is reasonably related to the needs of the case." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197 (2d Cir. 1989).

In this case, the court and counsel have endeavored to avoid duplicative trials to the extent possible. Until recently, it appeared that two trials of approximately five defendants each might well be required, with the first starting in September. It is now apparent, however, that a joint trial starting in September is not feasible, primarily because of the unavailability of counsel. It is also apparent that many of the defendants intend to change their pleas, alleviating the need to try defendants in waves. At this juncture the court is left with a choice between (1) continuing jury selection for several months to facilitate a single joint trial of up to six defendants or (2) having two separate trials - one in September with Mr. Smith as the sole defendant and a second one several months from now with the remaining defendants.

Choosing between these alternatives requires the court to weigh the Government's interest in avoiding duplicative trials and Mr. Smith's interest in proceeding to trial without further delay. Both interests are substantial. On the one hand, Mr. Smith has been detained since May 22, 2012, and his counsel is

ready to try this case as ordered by the court.[4]  On the other hand, it is undisputed that two trials would be largely duplicative and would take about twice as long as a joint trial (approximately six weeks instead of three).

After balancing the competing interests as required by the Speedy Trial Act, I find that the Government's interest in avoiding duplicative trials outweighs Mr. Smith's interest in proceeding to trial on September 10.  There is a strong policy in favor of joint trials in conspiracy cases.  See United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991) (noting the strong "policy favoring joinder of trials, especially when the underlying crime involves a common plan or scheme and defendants have been jointly indicted.").  "It would impair both the efficiency and the fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand." Richardson v. Marsh, 481 U.S. 200, 210 (1987) (quoted in United States v. Salameh, 152 F.3d 88, 115 (2d Cir. 1998)).  "Acknowledged in this policy is the inevitable tolerance of some slight prejudice to codefendants, which is deemed

---

[4] In addition, Mr. Smith's counsel points out that her current level of preparation will diminish to a degree if the case is continued requiring her to get up to speed a second time.

outweighed by the judicial economies resulting from the avoidance of duplicative trials." Id. at 482-83.

Mr. Smith's desire to avoid a further, relatively brief continuance of the trial date, although entitled to significant weight, does not by itself outweigh the Government's interest in avoiding duplicative trials. Mr. Smith has not identified any risk of trial-related prejudice that might result from a continuance. In the absence of any such risk, the ends of justice served by granting a continuance outweigh the best interests of the defendants and the public in a speedy trial.

### B. Due Process

Mr. Smith's right to due process must also be considered. Four factors are reviewed in analyzing whether a defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right before trial; and (4) whether the defendant was prejudiced by the delay in bringing the case to trial. Barker v. Wingo, 407 U.S. 514, 530 (1972). These factors "must be considered together with such other circumstances as may be relevant," and "have no talismanic qualities." Id. at 533.

In United States v. Cain, 671 F.3d 271 (2d Cir. 2012), the Second Circuit held that there was no violation of a defendant's right to a speedy trial in a case involving a 22-month delay in the start of a trial involving four defendants and [a] "large number of allegations" in a complex racketeering case. Id. at

296. The court explained that the 22-month delay was "neutral" as to the first Barker factor, and that the reasons for the delay did not favor the defendant, since it "resulted primarily from the practical difficulties occasioned by the complexities of the case and not from congestion of the calendar or bad faith or neglect on the part of the government or the district court." Id. at 297. As for the third and fourth factors, the court noted that while the defendant had consistently asserted his right to a speedy trial, he had not made a showing of any "significant trial-related disadvantage" to support a finding of prejudice resulting from the delay. Id.

Here, an additional delay of approximately three months will extend Mr. Smith's pretrial incarceration to twenty months. The cause of the additional delay is not bad faith on the part of the government or the court. Mr. Smith has previously moved to continue the trial date to enable his counsel to prepare and he has just filed a number of new motions, including some that request pretrial hearings. There is no reason to think a continuance will risk trial-related prejudice to Mr. Smith. Thus, under the Barker factors, it does not appear that Mr. Smith's constitutional right to a speedy trial will be violated if jury selection is continued to avoid duplicative trials.

Accordingly, the pending motions to continue are hereby granted. Jury selection is continued until December 10, 2013, at 9:00 a.m., with evidence to begin January 6, 2014. The period

August 29, 2013 through December 10, 2013 will be excluded under the Speedy Trial Act.[5]

So ordered this 29th day of August 2013.

/s/
Robert N. Chatigny
United States District Judge

---

[5] Section 3161(h)(6) of the Speedy Trial Act provides that "a reasonable period of delay [may be excluded] when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." "The effect of this provision is that a unitary 'Speedy Trial Clock' is applied to all the defendants: an exclusion of time for one defendant is applicable to all." United States v. Payden, 620 F. Supp. 1426, 1427 (S.D.N.Y. 1985) (citing United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983)). Therefore, under the single speedy trial clock, this continuance and exclusion apply to all defendants.